Dear Mr. Doughty:
You have requested an opinion of the Attorney General regarding a former school board employee's right to collect his unused sick leave. Specifically, you want to know if a former employee that resigned from employment is entitled to collect payment for his unused sick leave.
You provided our office with the following facts: Mr. Hamilton Brock, former principal at Delhi High School, resigned his employment with Richland Parish School Board ("Board") on June 30, 2009. He subsequently accepted part-time employment with the Louisiana Department of Education in Baton Rouge. In December of 2009, he submitted his application for retirement to the Louisiana Teacher Retirement System through the Louisiana Department of Education. At that time, Mr. Brock requested that the Board pay him for twenty-five (25) days of unused sick leave.
We begin our analysis by looking at La.R.S. 17:425, which governs the payment of accrued sick leave. It provides as follows:
 Notwithstanding any other provision of law to the contrary, beginning July 1, 1973, any parish or city school board, the State Board of Elementary and Secondary Education, or other boards of control of publicly supported educational institutions upon the retirement of any employee of such boards or upon his death prior to retirement, shall pay to such employee or to his heirs or assigns all sick leave which has accrued to such employee but which remains unused at the time of his retirement or at the time of his death if prior to retirement, not to exceed twenty-five days of unused sick leave. Such pay shall be at the *Page 2 
rate of pay received by the employee or teacher at the time of retirement or death prior to retirement. However, a city or parish school board may pay such unused sick leave beyond twenty-five days on a uniform basis not to exceed forty-five days at its discretion. Any payment of such unused sick leave beyond twenty-five days shall be based on affordability and the availability of funds. No unused sick leave beyond twenty-five days paid for under the provisions of this Section shall be used in the calculation of retirement benefits and no state funds shall be used for payment of such sick leave.
(Emphasis added.)
La.R.S. 17:425 mandates payment of twenty-five (25) days of unused sick leave upon retirement or death of an employee. La.R.S. 17:425 does not mandate payment of unused sick leave when an employee resigns. Unlike annual leave that is considered wages, unless stated otherwise by policy, sick leave is not considered wages and the payment of sick leave is limited statutorily upon death or retirement by La.R.S. 17:425 and La.R.S. 17:1201(B). See La. Atty. Gen. Op. 99-329.
This office has previously applied La.R.S. 17:425 to determine whether a school employee has a right to collect his unused sick leave when the employee chooses to resign rather than retire. Specifically, in La. Atty. Gen. Op. 91-322, this office opined that La.R.S. 17:425 provides for payment of accrued sick leave only upon retirement or death and, before a school employee may collect any unused accrued sick leave, he or she must actually retire and begin drawing retirement benefits. The facts presented in your opinion request are similar to La. Atty. Gen. Op. 91-322, in that Mr. Brock did not retire but simply resigned from his position with the Board in June of 2009. At the time Mr. Brock retired in December of 2009, he was not an employee of the Board. Therefore, Mr. Brock is not entitled to collect payment from the Board for his unused sick leave.
We hope that this information sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
With Best Regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By: __________________________
 Angelique Duhon Freel
 Assistant Attorney General

JDC:ADF